**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **TIFFANY L. FLATHERS**<br>10487 County Rd 4 #110<br>Swanton, Ohio 43558<br><br>                          Plaintiff,<br><br>v.<br><br>**DOLGENCORP, LLC**<br>c/o Corporation Service Company<br>50 W Broad St<br>Suite 1330<br>Columbus Ohio 43215<br><br>                          Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Case No.<br><br>Judge<br><br>**COMPLAINT; JURY DEMAND<br>ENDORSED HEREON**<br><br>Francis J. Landry (0006072)<br>**WASSERMAN, BRYAN, LANDRY<br> & HONOLD, LLP**<br>1090 W. South Boundary St<br>Suite 500<br>Perrysburg, Ohio 43551<br>Telephone:  (419) 243-1239<br>Facsimile:  (419) 243-2719<br>Email: FLandry308@aol.com<br>Attorneys for Plaintiff<br>Tiffany L. Flathers |

\* \* \* \* \* \* \* \*

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 known as this Court's Federal Question Jurisdiction. Plaintiff brings claims pursuant to the Fair Labor Standards Act, 29 U.S.C. Sections 201 et seq. This Court's jurisdiction is also invoked pursuan to 28 U.S.C. Section 1332 known as this Court's diversity of citizenship jurisdiction. Plaintiff, Tiffany Flathers is a resident of the Village of Swanton, County of Fulton, State of Ohio.

Defendant, Dolgencorp, LLC., is a limited liability company duly organized under the laws of the State of Kentucky with its headquarters and principal place of business in States other than Ohio.  The actions that gave rise to this Complaint arose in the State of Ohio, County of Lucas.  This action, in part, is one for damages caused by Defendant's harassment, and constructive discharge of Plaintiff in violation of the Civil Rights Act of the State of Ohio.  The matters in controversy in this action exceed the sum of $75,000.00 exclusive of costs and interest.

## PARTIES

2. Plaintiff, Tiffany L. Flathers, is a citizen of the United States, and a resident of the Village of Swanton, County of Fulton, State of Ohio, who has been employed by Defendant since September 20, 2016.  At all times material hereto, Plaintiff was an employee of an employer within the meaning of Chapter 4112 of the Ohio Revised Code in that Defendant employed more than four (4) employees.

3. Plaintiff states that the Defendant is a foreign corporation (incorporated in Kentucky) duly licensed to do business in the State of Ohio, with a location in the City of Toledo, County of Lucas, State of Ohio but is organized under the laws of the State of Kentucky. At all times material hereto, Defendant was and is an employer within the meaning of Chapter 4112 of the Ohio Revised Code in that Defendant employed more than four (4) employees.

## NATURE OF THE CASE

4. Plaintiff brings this action for damages and injunctive relief for unlawful discrimination against Plaintiff.  Defendant harassed Plaintiff until she was constructively discharged in violation of Chapter 4112 of the Ohio Revised Code

## FACTS COMMON TO ALL CLAIMS

5. Plaintiff was first hired by Defendant on September 20, 2016 as an Assistant Manager.

6. Plaintiff's Manager, Patricia Sanders, began harassing Plaintiff in April of 2017.

7. Plaintiff had no disciplinary action, write-ups or disciplinary issues at that time.

8. In April of 2017, Plaintiff's supervisor screamed at her in front of employees and customers, calling Plaintiff a liar, manipulator and thief.

9. Plaintiff complained to the District Manager, who said Plaintiff would be transferred.

10. Plaintiff was not transferred or placed back on the schedule.

11. The harassment of Plaintiff began after Sanders learned that Plaintiff had engaged in sexual relationships with women. Sanders commented to Plaintiff that she was "nasty."

12. Sanders also made additional comments to Plaintiff which were rude and inappropriate, including stating that another employee Rob was more of a woman than Plaintiff was.

13. While Plaintiff was employed with Defendant, she was required to keep a cell phone which she was required to answer, even when she was not working.

14. One on occasion, Sanders informed Plaintiff that if she was out of town and received a call, she would be required to immediately come back to the Toledo area to work.

15. Plaintiff was forced to take in bank deposits while off the clock, including one time when she had come to the store to shop as a customer.

### FIRST CLAIM FOR RELIEF
### Ohio Revised Code Section 4112.02, Sex Discrimination and Harassment

16. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifteen (15) of this Complaint, supra, by reference in its entirety as if fully restated herein.

17. Plaintiff was first hired by Defendant on September 20, 2016 as an Assistant Manager.

18. Plaintiff's Manager, Patricia Sanders, began harassing Plaintiff in April of 2017.

19. Plaintiff had no disciplinary action, write-ups or disciplinary issues at that time.

20. In April of 2017, Plaintiff's supervisor screamed at her in front of employees and customers, calling Plaintiff a liar, manipulator and thief.

21. Plaintiff complained to the District Manager, who said Plaintiff would be transferred.

22. Plaintiff was not transferred or placed back on the schedule.

23. The harassment of Plaintiff began after Sanders learned that Plaintiff had engaged in sexual relationships with women.  Sanders commented to Plaintiff that she was "nasty."

24. Sanders also made additional comments to Plaintiff which were rude and inappropriate, including stating that another employee Rob was more of a woman than Plaintiff was.

25. Plaintiff states that similarly situated male employees were more favorably treated.  They were not screamed at, ridiculed, or harassed.  Furthermore, Plaintiff was replaced by a male individual.

26. Defendant knew or should have known of the harassment towards Plaintiff, as Plaintiff complained to her District Manager.

27. In harassing Plaintiff, removing Plaintiff from the schedule, and not transferring her or returning her to work, Plaintiff has been constructively discharged from her employment, and, Defendant has intentionally discriminated against and harassed her on the basis of her sex in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

28. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of her job position, back wages, fringe benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

29. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-eight (28) of this complaint by reference in its entirety as if fully restated herein.

30. Plaintiff states that with the repeated verbal abuse and harassment Plaintiff was subjected to, Defendant intentionally engaged in a course of conduct which was extreme, outrageous, and beyond all possible bounds of decency and such that no reasonable person could be expected to endure same.

31. Because of Sanders' daily verbal abuse, Plaintiff sought counseling and began seeing a therapist who prescribed medication and therapy.

32. Despite Plaintiff's numerous attempts to stop the harassment by Sanders, nothing was done to combat the harassment until Plaintiff was removed from the schedule and not returned to work, thus constructively discharging her employment.

33. As a proximate result of the actions of Defendant as complained of herein, said Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Negligent Hiring, Retention and Supervision

34. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-three (33) of this complaint by reference in its entirety as if fully restated herein.

35. Plaintiff states that she was subject to harassment at the hands of Sanders for a protracted length of time.  Plaintiff states that during this period of time supervisory staff and management were incompetent in exercising their respective duties as supervisor in an appropriate manner.

Throughout Plaintiff's tenure, and until her termination, Plaintiff was subjected to in a course of conduct which was extreme, outrageous, and beyond all possible bounds of decency and such that no reasonable person could be expected to endure same.

36. Because of Sanders' daily verbal abuse, Plaintiff sought counseling and began seeing a therapist who prescribed medication and continued therapy.

37. Despite Plaintiff's numerous attempts to stop the harassment by Sanders, nothing was done to combat the harassment until Plaintiff was removed from the schedule and not returned to work, thus constructively discharging her employment.

38. Plaintiff states that Defendant and its higher managerial employees had actual or constructive knowledge of Sanders' incompetence, her bullying, intentional infliction of emotional distress upon Plaintiff, and her inappropriate dealings with Plaintiff.

39. Plaintiff alleges that Defendant and its other owners and managers were negligent in hiring and retaining Sanders to work with Plaintiff. This negligence on the part of Defendant was the proximate cause of Plaintiff's injuries.

40. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of her job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## FOURTH CLAIM FOR RELIEF
### FLSA Retaliation

41. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty (40) of this Complaint, supra, by reference in its entirety as if fully restated herein.

42. Plaintiff states that she complained to Defendant about Defendant's non- compliance with wage and hour laws. Specifically, that Plaintiff was required to address work related calls at any time, and to make bank deposits, her time for which was not compensated.

43. Within a couple of days after complaining about the wage and hour violations, Plaintiff was removed from the schedule and not returned to work, thus constructively discharging her employment.

44. However, Plaintiff was meeting her employer's reasonable expectations, and performed her job well.

45. Plaintiff states that in constructively discharging her employment, Defendant has intentionally retaliated against Plaintiff in violation of Section 29 U.S.C. Section 215(a)(3) of the Fair Labor Standards Act.

46. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of her job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

### FIFTH CLAIM FOR RELIEF
### OHIO MFWSA Retaliation

47. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty-six (46) of this Complaint, supra, by reference in its entirety as if fully restated herein.

48. Plaintiff states that she complained to Defendant about Defendant's non- compliance with wage and hour laws. Specifically, that Plaintiff was required to address work related calls at any time, and to make bank deposits, her time for which was not compensated.

49. Within a couple of days after complaining about the wage and hour violations, Plaintiff

was removed from the schedule and not returned to work, thus constructively discharging her employment.

50.    However, Plaintiff was meeting her employer's reasonable expectations, and performed her job well.

51.    Plaintiff states that in constructively discharging her employment, Defendant has intentionally retaliated against Plaintiff in violation of Sections 4111.13 and/or 4111.14 of the Ohio Minimum Fair Wage Standards Act.

52.    As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of her job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

### SIXTH CLAIM FOR RELIEF
### Ohio's Prompt Payment Act – O.R.C. § 4113.15

53.    Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifty-two (52) of this Complaint, supra, by reference in its entirety as if fully restated herein.

54.    Ohio Revised Code Section 4113.15(B) states in pertinent part:

> "Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

55.    Plaintiff earned wages throughout the 2017 calendar year for tasks performed, including drive time and call time, for Defendant.

56. More than sixty days has passed since the regularly scheduled paydays when Plaintiff's earned wages should have been paid.

57. As such, Defendant has failed to pay Plaintiff multiple wages earned in the 2017 calendar year, in violation of Ohio Revised Code Section 4113.15

58. As a proximate cause of Defendant's actions, Plaintiff has suffered lost wages, and is entitled to liquidated damages.

## SEVENTH CLAIM FOR RELIEF
### Unjust Enrichment

59. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifty-eight (58) of this Complaint, supra, by reference in its entirety as if fully restated herein.

60. Plaintiff provided services to Defendant as an Assistant Manager.

61. Defendant has retained the benefit of Plaintiff's services without just compensation to Plaintiff for her drive time, and time making calls.

62. Permitting Defendant to retain the benefit of Plaintiff's services without compensating Plaintiff injures Plaintiff.

63. As a proximate cause of Defendant's actions, Plaintiff has suffered lost wages.

## EIGHTH CLAIM FOR RELIEF
### Fair Labor Standards Act—29 U.S.C. Sections 201 et seq.

64. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through sixty-three (63) of this Complaint, supra, by reference in its entirety as if fully restated herein.

65. Plaintiff earned wages throughout the 2017 calendar year for tasks performed, including drive time and calls, for Defendant.

66. As such, Defendant has failed to pay Plaintiff multiple wages earned in the 2017 calendar year, in violation of 29 U.S.C. Section 201 et seq.

67. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to her position together with lost back pay seniority and benefits or in the alternative for an award of front pay in lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment exceeding the sum of $75,000.00 exclusive of costs and interest plus her costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to her damages and her costs and attorneys' fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

> Respectfully submitted,
>
> **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**
>
> /s/ Francis J. Landry
> Francis J. Landry, Attorney for
> Plaintiff, Tiffany L. Flathers

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

> /s/ Francis J. Landry
> Francis J. Landry, Attorney for

Plaintiff, Tiffany L. Flathers